IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RONALD J. WILLIAMS AND**<br>**BRAND C. EWING,** | )<br>) | **FILED: APRIL 28, 2008** |
| **Plaintiffs,** | )<br>) | No: 08CV2421        TG<br>JUDGE LEFKOW |
| v. | )<br>) | Judge MAGISTRATE JUDGE BROWN |
| **OFFICER MORRISON, #129**<br>**PETER POE, JOHN DOE,**<br>**JOHN MOE, ROBERT ROE**<br>**MARY COE, TIMOTHY SOE**<br>**JAMES FOE, SUSAN ZOE;**<br>**AND THE VILLAGE OF CALUMET CITY,**<br>**VILLAGE OF SOUTH HOLLAND,**<br>**MUNICIPAL CORPORATIONS** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **JURY DEMAND** |
| **Defendants.** | ) | |

## COMPLAINT

**JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

**PARTIES**

2. Plaintiff Ronald J. Williams and Brandon C. Ewing are African-American males, citizens of the United States, and a resident of Chicago, Illinois.

3. Defendant Officers Morrison, Poe, Doe, Moe, Roe, Coe, Soe, Foe, and Zoe are/were police officers employed by the Village of Calumet City and Village of South

Holland, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officers Morrison, Poe, Doe, Moe, Roe, Coe, Soe, Foe, and Zoe are being sued individually.

4. The Village of Calumet City and Village of South Holland, are municipal corporations within the State of Illinois, and was all times material to this Complaint, the employer of defendant police officers.

**FACTS**

5. On or about May 20, 2006, in the evening, Plaintiffs Ronald Williams and Brandon Ewing, who are cousins, along with a friend, were at the River Oaks Shopping mall in Calumet City, Illinois.

6. After shopping, the Plaintiffs attended a carnival, at the parking lot outside of the mall.

7. While attending the carnival, police ordered everyone to leave, apparently due to a disturbance at the carnival.

8. Plaintiff Ronald Williams prepared to leave the carnival by getting into his Vehicle. Plaintiff Brandon Ewing was a short distance away from Ronald Williams. They both planned to leave the carnival together.

9. While Plaintiff was waiting, in his vehicle, for his cousin, Mr. Ewing, a Defendant Officer, on foot, approached his vehicle and ordered him to leave the area.

10. Plaintiff Williams explained to the officer that he would leave shortly and that he was waiting on his cousin, who was in plain view, only a few steps away from his vehicle.

11. Next, without cause, a Defendant officer reached into Mr. Williams' vehicle and attempted to grab him out of the vehicle. He was unsuccessful.

12. Then, a second Defendant officer grabbed Plaintiff Williams out of his vehicle and he, along with several other Defendant officers began to beat Mr. Williams maliciously.  During the beating, Mr. Williams was kicked and hit with a billy club multiple times.

13. While on the ground, without cause, Defendant officers ordered a police dog to attack Plaintiff Williams.  At the direction of the Defendants, the dog bit Mr. Williams causing severe injuries.

14. Plaintiff Ewing observed his cousin Ronald Williams being beaten.

15.  During the course of the incident, without provocation, Plaintiff Ewing was also beaten by a Defendant officer.

16. Plaintiff Williams and Ewing were falsely charged with crimes they did not commit. On August 31, 2006, both Williams and Ewing's cases were dismissed.

17. Plaintiff William and Ewing sustained injuries in which they received medical treatment.

## COUNT I
### (42 U.S.C. SECTION 1983-EXCESSIVE FORCE CLAIM)

18.     Plaintiffs Ronald Williams and Brandon Ewing alleges and re-alleges paragraphs 1 through 17 as fully set forth above.

19.     As a result of the unreasonable and unjustifiable attack on Plaintiffs Michael Johnson, he suffered both physical and emotional injuries.

20.　This unreasonable and unjustifiable beating of the Plaintiffs Ronald Williams and Brandon Ewing by defendant officers was a direct and proximate cause of his pain, suffering and mental anguish. The above acts by the individual defendant officers Morrison, Poe, Doe, Moe, Roe, Coe, Soe, Foe, and Zoe violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiffs Ronald Williams and Brandon Ewing demands compensatory damages against Defendant Officers Morrison, Poe, Doe, Moe, Roe, Coe, Soe, Foe, and Zoe and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiff demands punitive damages from each individual Defendant Officer plus costs, attorneys fees, and such other additional relief as this Court deems equitable and just.

## COUNT II

### (42 U.S.C. Section 1983- CONSPIRACY)

21.　Plaintiff Ronald Williams and Brandon Ewing alleges and realleges paragraphs 1 through 17 as fully set forth above.

22.　Officers Morrison, Poe, Doe, Moe, Roe, Coe, Soe, Foe, and Zoe reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

23.　Each defendant did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive the Plaintiffs of their rights, privileges and immunities, as guaranteed by the Constitution and laws of the United States.

24.     Additionally said conspiracy/joint action violated Plaintiffs' Fourth Amendment rights, under color of law, in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of their pain, suffering and mental anguish.

25.     Acting in Furtherance of this plan and conspiracy, each of the Defendants committed overt acts, including, but not limited to an unjustifiable beating as fully alleged in paragraphs 1-17. This course of conduct by the Defendants was done willfully, maliciously, intentionally, or with reckless disregard, and directly and proximately caused serious injury to the Plaintiffs.

**WHEREFORE**, each Plaintiff demands compensatory damages against each Defendant, and because the Defendants acted maliciously, willfully and/or wantonly, punitive damages, plus costs, attorney fees, and such other additional relief as this Court deems equitable and just.

## COUNT III

### (FAILURE TO PREVENT CIVIL RIGHTS VIOLATION

### UNDER 42 U.S.C. SEC 1983 AGAINST)

26.     Plaintiffs re-allege paragraphs 1 through 17 above as though fully set forth herein.

27.     The above stated acts of violence against the Plaintiffs by one or more of the Defendants was witnessed and encouraged by the other Defendants.

28.     One or more of the Defendant Officers had the opportunity and duty to prevent the violation of the Plaintiffs' civil rights by the other Defendant, but failed to do so.

29.	The failure of one or more of the defendant officers to prevent the above alleged civil rights violations was the direct and proximate cause of the Plaintiffs' injuries.

**WHEREFORE**, the Plaintiffs demands compensatory damages against these Defendants; and because he acted maliciously, willfully, and/or wantonly, punitive damages against him plus attorney's fees and costs, and any additional relief this Court deems equitable and just.

## COUNT IV

### (42 U.S.C. SECTION 1983-FALSE ARREST)

30.	Plaintiffs Ronald Williams and Brandon Ewing alleges and realleges paragraphs 1 through 17 as fully set forth herein.

31.	The above acts of the Defendant Officers Morrison, Poe, Doe, Moe, Roe, Coe, Soe, Foe, and Zoe were willfully and wantonly done without probable cause and was a direct and proximate cause of Mr. Johnson's pain, suffering and mental anguish, and therefore violated the Plaintiffs Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE**, Plaintiffs Ronald Williams and Brandon Ewing, demands compensatory damages against Defendant Officers Morrison, Poe, Doe, Moe, Roe, Coe, Soe, Foe, and Zoe and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiffs demands punitive damages from each individual defendant, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT V

## (RESPONDEAT SUPERIOR UNDER ILLINOIS LAW AGAINST DEFENDANTS VILLAGE OF CALUMET CITY AND VILLAGE OF SOUTH HOLLAND)

39. Plaintiffs Ronald Williams and Brandon Ewing alleges and realleges paragraphs 1 through 17 as though fully set forth herein.

The aforesaid acts of Defendant Officers Morrison, Poe, Doe, Moe, Roe, Coe, Soe, Foe, and Zoe were done within the scope of their employment as Chicago Police Officers, were willful and wanton, and therefore the Defendants Village of Calumet City and Village of South Holland, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**WHEREFORE**, Plaintiffs Ronald Williams and Brandon Ewing, demands judgment against Defendants Village of Calumet City and Village of South Holland plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted,

The Law Office of Standish E. Willis

By: s/Teniece Harris
    Attorney for Plaintiff

The Law Office of Standish E. Willis
407 S. Dearborn, Suite 1395
Chicago, IL  60605
312.554.0005