**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD J. WILLIAMS AND | ) | |
| BRAND C. EWING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 08 CV 2421 |
| | ) | |
| OFFICERS MORRISON, #129 | ) | Judge Lefkow |
| Mason, #200, WHEATON, #166 | ) | |
| PICCICO, #69, AND K. BURROW, #129; | ) | Magistrate Judge Brown |
| AND THE VILLAGE OF CALUMET CITY, | ) | |
| VILLAGE OF SOUTH HOLLAND, | ) | **JURY DEMANDED** |
| MUNICIPAL CORPORATIONS | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**CERTAIN DEFENDANTS' ANSWER**
**TO FIRST AMENDED COMPLAINT**

Now come two of the Defendants K. BURROW and the VILLAGE OF SOUTH HOLLAND ("Village"), by and through their attorneys, LOUIS F. CAINKAR, LTD., and for their Answer to the First Amended Complaint filed by the Plaintiffs, RONALD J. WILLIAMS AND BRAND C. EWING, state the following:

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

**ANSWER**:    Defendants admit the allegations to Paragraph 1.

2.      Plaintiff Ronald J. Williams and Brandon C. Ewing are African-American males, citizens of the United States, and residents of Chicago, Illinois.

**ANSWER:**    Defendants admit the allegation as to Ronald J. Williams, but lack specific knowledge to either admit or deny the allegation for Brandon C. Ewing.

3.    Defendant Officers Morrison, Mason, Wheaton, Piccico are/were police officers employed by the Village of Calumet City and Officer K. Burrow, #129 is a police officer employed by the Village of South Holland, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officers Morrison, Mason, Wheaton, Piccico, and K. Burrow are being sued individually.

**ANSWER:**    Defendants admit the allegations in Paragraph 3.

4.    The Village of Calumet City and Village of South Holland, are municipal corporations within the State of Illinois, and was all times material to this Complaint, the employer of defendant police officers.

**ANSWER:**    Defendants admit the allegations in Paragraph 4.

5.    On or about May 20, 2006, in the evening, Plaintiffs Ronald Williams and Brandon Ewing, who are cousins, along with a friend, were at the River Oaks Shopping mall in Calumet City, Illinois.

**ANSWER:**    Defendant admit that Ronald Williams was at the River Oaks Shopping Center on or about the date alleged, but lacks specific knowledge to either admit or deny the remaining allegations in paragraph 5.

6.    After shopping, the Plaintiffs attended a carnival, at the parking lot outside of the mall.

**ANSWER:**    Defendants lack specific knowledge to either admit or deny the allegations in Paragraph 6.

7.      While attending the carnival, police ordered everyone to leave, apparently due to a disturbance at the carnival.

**ANSWER:**   Defendants lack specific knowledge to either admit or deny the allegations in Paragraph 7.

8.      Plaintiff Ronald Williams prepared to leave the carnival by getting into his vehicle. Plaintiff Brandon Ewing was a short distance away from Ronald Williams. They both planned to leave the carnival together.

**ANSWER:**   Defendants lack specific knowledge to either admit or deny the allegations in Paragraph 8.

9.      While Plaintiff was waiting, in his vehicle, for his cousin, Mr. Ewing, a Calumet City Police Defendant Officer, on foot, approached his vehicle and ordered him to leave the area.

**ANSWER:**   Defendants lack specific knowledge to either admit or deny the allegations in Paragraph 9.

10.     Plaintiff Williams explained to the officer that he would leave shortly and that he was waiting on his cousin, who was in plain view, only a few steps away from his vehicle.

**ANSWER:**   Defendants lack specific knowledge to either admit or deny the allegations in Paragraph 10.

11.     Next, without cause, a Defendant officer reached into Mr. Williams; vehicle and attempted to grab him out of the vehicle. He was unsuccessful.

**ANSWER:**   Defendants lack specific knowledge to either admit or deny the allegations in Paragraph 11.

12.     Then, a second Defendant officer grabbed Plaintiff Williams out of his vehicle and he, along with several other Defendant officers began to beat Mr. Williams maliciously.

During the beating, Mr. Williams was kicked and hit with a billy club multiple times.

**ANSWER:**    Defendants deny the allegations in Paragraph 12.

13.    While on the ground, without cause, Defendant Officer Burrow of the South Holland Police Department ordered his K-9, "Jasgomo", to attack Plaintiff Williams. At the direction of the Defendants Burrow and other Defendants, the dog bit Mr. Williams causing severe injuries.

**ANSWER:**    Defendants deny the allegations in Paragraph 13.

14.    Plaintiff Ewing observed his cousin Ronald Williams being beaten.

**ANSWER:**    Defendants deny the allegations in Paragraph 14.

15.    During the course of the incident, without provocation, Plaintiff Ewing was also beaten by a Defendant officer.

**ANSWER:**    Defendants deny the allegations in Paragraph 15.

16.    Plaintiffs Williams and Ewing were falsely charged with crimes they did not commit. On August 32, 2006, both Williams and Ewing's cases were dismissed.

**ANSWER:**    Defendants deny that the Plaintiffs were falsely charge with crimes, but lack specific knowledge to either admit or deny the remaining allegations in Paragraph 16.

17.    Plaintiffs Williams and Ewing sustained injuries in which they received medical treatment.

**ANSWER:**    Defendants lack specific knowledge to either admit or deny the allegations in Paragraph 17.

<strong>Claims of Relief</strong>

<strong>COUNT I</strong>

<strong>Violation of 42 U.S.C. §1981</strong>

18.    Plaintiffs Ronald Williams and Brandon Ewing alleges and re-alleges paragraphs 1 through 17 as fully set forth above.

**ANSWER:**    Defendants reallege their answers to Paragraphs 1 through 17.

19.    As a result of the unreasonable and unjustifiable attack on Plaintiffs Williams and Ewing, they suffered both physical and emotional injuries.

**ANSWER:**    Defendants deny the allegations in Paragraph 19.

20.    The unreasonable and unjustifiable beating of the Plaintiffs Ronald Williams and Brandon Ewing by defendant officers was a direct and proximate cause of his pain, suffering and mental anguish. The above acts by the individual defendant officers Morrison, Mason, Wheaton, Piccico, and K. Burrow violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. Section 1983.

**ANSWER:**    Defendants deny the allegation in Paragraph 20.

WHEREFORE**,** Defendants Burrow and the Village of South Holland respectfully request that judgment be entered in their favor and against the Plaintiffs and that this court award attorneys fees and costs in favor of the Defendants, and for such other additional relief as this Court deems equitable and just.

## COUNT II
## (42 U.S.C. Section 1983-CONSPIRACY)

21.    Plaintiffs Ronald Williams and Brandon Ewing alleges and re-alleges paragraphs 1 through 17 as fully set forth above.

**ANSWER:**    Defendants reallege their answers to Paragraphs 1 through 17.

22.    Officers Morrison, Mason, Wheaton, Piccico, and K. Burrow reached an understanding, engaged in a sequence of events of course of conduce, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiffs.

**ANSWER:**    Defendants deny the allegations in Paragraph 22.

23.    Each defendant did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, knowledge that it would deprive the Plaintiffs of their rights, privileges and immunities, as guaranteed by the Constitution and laws of the United States.

**ANSWER:**    Defendants deny the allegations in Paragraph 23.

24.    Additionally said conspiracy/joint action violated Plaintiffs' Fourth Amendment rights, under color of law, in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of their pain, suffering and mental anguish.

**ANSWER:**    Defendants deny the allegations in Paragraph 24.

25.    Acting in Furtherance of this plan and conspiracy, each of the Defendants committed overt acts, including, but not limited to an unjustifiable beating as fully alleged in paragraphs 1-17. This course of conduct by the Defendants was done willfully, maliciously,

intentionally, or with reckless disregard, and directly and proximately caused serious injury to the Plaintiffs.

**ANSWER:**    Defendants deny the allegations in Paragraph 25.

WHEREFORE**,** each Plaintiff demands compensatory damages against each Defendant, and because the Defendants acted maliciously, willfully and/or wantonly, punitive damages, plus costs, attorney fees, and such other additional relief as this Court deems equitable and just.

**COUNT III**

**(FAILURE TO PREVENT CIVIL RIGHTS VIOLATION**

**UNDER 42 U.S.C. SEC 1983 AGAINST)**

26.    Plaintiffs re-allege paragraphs 1 through 17 above as though fully set forth herein.

**ANSWER:**    Defendants reallege their answers to Paragraphs 1 through 17.

27.    The above stated acts of violence against the Plaintiffs by one or more of the Defendants was witnessed and encouraged by the other Defendants.

**ANSWER:**    Defendants deny the allegations in Paragraph 27.

28.    One or more of the Defendant Officers had the opportunity and duty to prevent the violation of the Plaintiffs' civil rights by the other Defendant, but failed to do so.

**ANSWER:**    Defendants deny the allegations in Paragraph 28.

29.    The failure of one or more of the Defendant officers to prevent the above alleged civil rights violation was the direct and proximate cause of the Plaintiffs' injuries.

**ANSWER:**    Defendants deny the allegations in Paragraph 29.


WHEREFORE**,** the Plaintiffs demands compensatory damages against these Defendants; and because he acted maliciously, willfully, and/or wantonly, punitive damages against him plus attorney's fees and costs, and any additional relief this Court deems equitable and just.


## COUNT IV
### (42 U.S.C. SECTION 1983-FALSE ARREST)


30.    Plaintiffs Ronald Williams and Brandon Ewing alleges and re-alleges paragraphs 1 through 17 as fully set forth herein.


**ANSWER:**    Defendants reallege their answers to Paragraphs 1 through 17.


31.    The above acts of the Defendant Officers Morrison, Mason, Wheaton, Piccico, and K. Burrow were willfully and wantonly done without probable cause and was a direct and proximate cause of Mr. Johnson's pain, suffering and mental anguish, and therefore violated the Plaintiffs Forth Amendment right to be free from unreasonable arrest, search and seizure.


**ANSWER:**    Defendants deny the allegations in Paragraph 31.


WHEREFORE**,** Plaintiffs Ronald Williams and Brandon Ewing, demands compensatory damages against Defendants Officers Morrison, Mason, Wheaton, Piccico, and K. Burrow and because the Defendants acted maliciously, willfully and/or wantonly, Plaintiffs demands punitive damages from each individual defendant, plus cost, attorney's fees, and such other additional relief as this Court deems equitable and just.

## COUNT V

### (RESPONDEAT SUPERIOR UNDER ILLINOIS LAW AGAINST
### DEFENDANTS VILLAGE OF CALUMET CITY AND
### VILLAGE OF SOUTH HOLLAND)

39.     Plaintiffs Ronald Williams and Brandon Ewing alleges and realleges paragraphs 1 through 17 as though fully set forth herein.

**ANSWER:**     Defendants reallege their answers to Paragraphs 1 through 17

40.     The aforesaid acts of Defendant Officers Morrison, Mason, Wheaton, Piccico, and K. Burrow were done with in the scope of their employment as Calumet City and South Holland Police Officers, were willful and wanton, and therefore the Defendants Village of Calumet City and Village of South Holland, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**ANSWER:**     Defendants deny the allegations in Paragraph 40.

**WHEREFORE,** Plaintiffs Ronald Williams and Brandon Ewing, demands judgment against Defendants Village of Calumet City and Village of South Holland plus costs, and such other additional relief as this Court deems equitable and just.

### AFFIRMATIVE DEFENSES

1.     All relevant times, Defendant K. Burrow's actions were reasonable, taken in good faith, and did not violate a "clearly established" constitutional right of the Plaintiff. Accordingly, his conduct is governed by qualified immunity.

2.     The First Amended Complaint fails to allege a municipal "custom or policy" and therefore, the Village of South Holland is not amenable to liability under the provisions of 42

9

U.S.C Section 1983.


**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**


Respectfully submitted,

K. Burrow and Village of South Holland



S/       Michael G. Cainkar
              One of Their Attorneys

MICHAEL G. CAINKAR – 06182679
JOSEPH CAINKAR – 06281109
GARY S. PERLMAN-06191434
LOUIS F. CAINKAR, LTD.
Attorneys for Certain Defendants
30 North LaSalle Street - #3922
Chicago, Illinois 60602-3333
(312) 236-3985


**CERTIFICATE OF SERVICE**

        I, the undersigned, an attorney, on oath state:  I served a copy of this Certain Defendants' Answer to First Amended Complaint by e-mailing a copy to the CMT System for the Northern District of Illinois on June 10, 2008.



S/     Michael G. Cainkar