**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RONALD J. WILLIAMS and ) <br> BRAND C. EWING, ) <br>        Plaintiffs, ) <br>        v. ) <br> ) <br> OFFICER MORRISON, #129, ) <br> MASON, #200, WHEATON, #166, ) <br> PICCICO, #69, K. BURROW, #129, and ) <br> THE VILLAGE OF CALUMET CITY and ) <br> THE VILLAGE OF SOUTH HOLLAND, ) <br> Municipal Corporations, ) <br>        Defendants. ) | NO: 08 CV 2421 <br><br> JUDGE LEFKOW <br> MAGISTRATE JUDGE BROWN |

## ANSWER TO FIRST AMENDED COMPLAINT

**NOW COME** Defendants, City of Calumet City, Officer Morrison, Officer Mason,

Officer Wheaton and Officer Piccico (hereinafter "Defendants"), by and through their

Attorneys, Odelson & Sterk, Ltd., and in Answer to Plaintiffs' First Amended Complaint,

state as follows:

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

**ANSWER:**    The Defendants admit the allegations contained in paragraph 1.


2.      Plaintiff Ronald J. Williams and Brandon C. Ewing are African-American males, citizens of the United States, and a resident of Chicago, Illinois.

**ANSWER:**    The Defendants admit that Plaintiffs Ronald J. Williams and Brandon C. Ewing are African-American males. Defendants deny the remaining allegations contained in paragraph 2 as they are without knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

3.      Defendant Officers Morrison, Mason, Wheaton, Piccico are/were police officers employed by the Village of Calumet City and Officer K. Burrow, #129 is a police officer employed by the Village of South Holland, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officers Morrison, Mason, Wheaton, Piccico, and K. Burrow are being sued individually.

**ANSWER:**    Defendants admit that Officers Morrison, Mason, Wheaton and Piccico are/were police officers employed by the Village of Calumet City, and were at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law.   Defendants admit that Officers Morrison, Mason, Wheaton, Piccico, and K. Burrow are being sued individually.  Defendants deny the remaining allegations contained in paragraph 3 as they are without knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

4.      The Village of Calumet City and Village of South Holland, are municipal corporations within the State of Illinois, and was all times material to this Complaint, the employer of defendant police officers.

**ANSWER:**    The Defendants admit the Village of Calumet City and the Village of South Holland are municipal corporations within the State of Illinois, and that at all times material to the Complaint, the Village of Calumet City was the employer of Defendant Officers Morrison, Mason, Wheaton and Piccico. Defendants deny the remaining allegations contained in paragraph 4 as they are without knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

5.      On or about May 20, 2006, in the evening, Plaintiffs Ronald Williams and Brandon Ewing, who are cousins, along with a friend, were at the River Oaks Shopping mall in Calumet City, Illinois.

**ANSWER:**    The Defendants admit that on or about May 20, 2006 in the evening Plaintiff Williams, Plaintiff Ewing and a third party were present in the parking lot of River Oaks Shopping Mall in Calumet City, Illinois. Defendants deny the remaining allegations contained in paragraph 5 as they are without knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

6.      After shopping, the Plaintiffs attended a carnival, at the parking lot outside of the mall.

**ANSWER:**   Defendants deny the allegations contained in paragraph 6 as they are without knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

7.      While attending the carnival, police ordered everyone to leave, apparently due to a disturbance at the carnival.

**ANSWER:**   Defendants admit the allegations contained in paragraph 7.

8.      Plaintiff Ronald Williams prepared to leave the carnival by getting into his vehicle. Plaintiff Brandon Ewing was a short distance away from Ronald Williams. They both planned to leave the carnival together.

**ANSWER:**   Defendants deny the allegations contained in paragraph 8 as they are without knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

9.      While Plaintiff was waiting, in his vehicle, for his cousin, Mr. Ewing, a Calumet City Police Defendant Officer, on foot, approached his vehicle and ordered him to leave the area.

**ANSWER:**   Defendants admit that Plaintiff Williams was in his vehicle when he was ordered by a Calumet City Police Defendant Officer, who was on foot, to leave the area. Defendants deny the remaining allegations contained in paragraph 9 as they are without knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

10.      Plaintiff Williams explained to the officer that he would leave shortly and that he was waiting on his cousin, who was in plain view, only a few steps away from his vehicle.

**ANSWER:**   Defendants deny the allegations set forth in paragraph 10.

11.    Next, without cause, a Defendant officer reached into Mr. Williams' vehicle and attempted to grab him out of the vehicle. He was unsuccessful.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 11.

12.    Then, a second Defendant officer grabbed Plaintiff Williams out of his vehicle and he, along with several other Defendant officers began to beat Mr. Williams maliciously. During the beating, Mr. Williams was kicked and hit with a billy club multiple times.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 12.

13.    While on the ground, without cause, Defendant Officer Burrow of the South Holland Police Department ordered his K-9, "Jasgomo", to attack Plaintiff Williams. At the direction of the Defendants Burrow and other Defendants, the dog bit Mr. Williams causing severe injuries.

**ANSWER:**    Defendants admit Plaintiff Williams was bitten by a police dog. Defendants deny the remaining allegations set forth in paragraph 13.

14.    Plaintiff Ewing observed his cousin Ronald Williams being beaten.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 14.

15.    During the course of the incident, without provocation, Plaintiff Ewing was also beaten by a Defendant officer.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 15.

16.    Plaintiff Williams and Ewing were falsely charged with crimes they did not commit. On August 31, 2006, both Williams and Ewing's cases were dismissed.

**ANSWER:**    Defendants deny Plaintiffs Williams and Ewing were falsely charged with crimes they did not commit. Defendants deny the remaining allegations contained in paragraph 16 as they are without knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

17.     Plaintiff William and Ewing sustained injuries in which they received medical treatment.

**ANSWER:**     Defendants deny the allegations contained in paragraph 17 as they are without knowledge or information sufficient to form a belief as to the truth of the matter(s) asserted.

## COUNT I
## (42 U.S.C. SECTION 1983-EXCESSIVE FORCE CLAIM)

18.     Plaintiffs Ronald Williams and Brandon Ewing alleges and re-alleges paragraphs 1 through 17 as fully set forth above.

**ANSWER:**     Defendants re-assert their answers to paragraphs 1 through 17 as though fully set forth herein.

19.     As a result of the unreasonable and unjustifiable attack on Plaintiffs Williams and Ewing, they suffered both physical and emotional injuries.

**ANSWER:**     Defendants deny the allegations set forth in paragraph 19.

20.     This unreasonable and unjustifiable beating of the Plaintiffs Ronald Williams and Brandon Ewing by defendant officers was a direct and proximate cause of his pain, suffering and mental anguish. The above acts by the individual defendant officers Morrison, Mason, Wheaton, Piccico, and K. Burrow violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C. Section 1983.

**ANSWER:**     Defendants deny the allegations set forth in paragraph 20.

## COUNT II
### (42 U.S.C. SECTION 1983- CONSPIRACY)

21.    Plaintiff Ronald Williams and Brandon Ewing alleges and realleges paragraphs 1 through 17 as fully set forth above.

**ANSWER:**    Defendants re-assert their answers to paragraphs 1 through 17 as though fully set forth herein.

22.    Officers Morrison, Mason, Wheaton, Piccico, and K. Burrow reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 22.

23.    Each defendant did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive the Plaintiffs of their rights, privileges and immunities, as guaranteed by the Constitution and laws of the United States.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 23.

24.    Additionally said conspiracy/joint action violated Plaintiffs' Fourth Amendment rights, under color of law, in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of their pain, suffering and mental anguish.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 24.

25.    Acting in Furtherance of this plan and conspiracy, each of the Defendants committed overt acts, including, but not limited to an unjustifiable beating as fully alleged in paragraphs 1-17. This course of conduct by the Defendants was done willfully, maliciously, intentionally, or with reckless disregard, and directly and proximately caused serious injury to the Plaintiffs.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 25.

## COUNT III
## (FAILURE TO PREVENT CIVIL RIGHTS
## <u>VIOLATION UNDER 42 U.S.C. SEC 1983 AGAINST)</u>

26.    Plaintiffs re-allege paragraphs 1 through 17 above as though fully set forth herein.

**ANSWER:**    Defendants re-assert their answers to paragraphs 1 through 17 as though fully set forth herein.

27.    The above stated acts of violence against the Plaintiffs by one or more of the Defendants was witnessed and encouraged by the other Defendants.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 27.

28.    One or more of the Defendant Officers had the opportunity and duty to prevent the violation of the Plaintiffs' civil rights by the other Defendant, but failed to do so.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 28.

29.    The failure of one or more of the defendant officers to prevent the above alleged civil rights violations was the direct and proximate cause of the Plaintiffs' injuries.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 29.

## COUNT IV
## <u>(42 U.S.C. SECTION 1983-FALSE ARREST)</u>

30.    Plaintiffs Ronald Williams and Brandon Ewing alleges and realleges paragraphs 1 through 17 as fully set forth herein.

**ANSWER:**    Defendants re-assert their answers to paragraphs 1 through 17 as though fully set forth herein.

31.    The above acts of the Defendant Officers Morrison, Mason, Wheaton, Piccico, and K. Burrow were willfully and wantonly done without probable cause and was a direct and proximate cause of Mr. Johnson's pain, suffering and mental anguish, and therefore violated the Plaintiffs Forth Amendment right to be free from unreasonable arrest, search and seizure.

**ANSWER:**    Defendants deny the allegations set forth in paragraph 31.

## COUNT V
## (RESPONDEAT SUPERIOR UNDER ILLINOIS LAW AGAINST DEFENDANTS VILLAGE OF CALUMET CITY AND VILLAGE OF SOUTH HOLLAND)

39.    Plaintiffs Ronald Williams and Brandon Ewing alleges and realleges paragraphs 1 through 17 as though fully set forth herein.

**ANSWER:**    Defendants re-assert their answers to paragraphs 1 through 17 as though fully set forth herein.

[40.]    The aforesaid acts of Defendant Officers Morrison, Mason, Wheaton, Piccico, and K. Burrow were done within the scope of their employment as Calumet City and South Holland Police Officers, were willful and wanton, and therefore the Defendants Village of Calumet City and Village of South Holland, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**ANSWER:**    Defendants admit that Officers Morrison, Mason, Wheaton, and Piccico were acting within the scope of their employment as Calumet City police officers during the incident involving the arrest of Plaintiffs Williams and Ewing on May 20, 2006. Defendants deny Defendant Officers were willful and wanton as alleged by Plaintiffs; Defendants therefore deny the remaining allegations set forth in paragraph [40].

**WHEREFORE,** the City of Calumet City, Officer Morrison, Officer Mason, Officer

Wheaton and Officer Piccico deny that Plaintiffs are entitled to any relief whatsoever

and pray that judgment be entered in their favor and against Plaintiffs, and that the

Defendants be awarded their costs of suit and such other relief as may be appropriate.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE #1

The Defendants' actions were justified because they were acting to prevent the Plaintiffs from injuring persons on the scene.

### AFFIRMATIVE DEFENSE #2

The Defendants' actions were justified because they were acting in self-defense.

### AFFIRMATIVE DEFENSE #3

Defendants did not violate any clearly established constitutional rights of Plaintiffs of which a reasonable person would have known, thus entitling them to qualified immunity.

### AFFIRMATIVE DEFENSE #4

The First Amended Complaint fails to allege a municipal "custom or policy" and therefore, the City of Calumet City cannot be held liable.

**WHEREFORE,** the City of Calumet City, Officer Morrison, Officer Mason, Officer Wheaton and Officer Piccico deny that Plaintiffs are entitled to any relief whatsoever and pray that judgment be entered in their favor and against Plaintiffs, and that the Defendants be awarded their costs of suit and such other relief as may be appropriate.

**CITY OF CALUMET CITY, OFFICER MORRISON, OFFICER MASON, OFFICER WHEATON, and OFFICER PICCICO**

By:   s/ Amy E. Zale
                    One of their Attorneys

Michael J. McGrath

9

Amy E. Zale
**ODELSON & STERK, LTD.**
3318 West 95th Street
Evergreen Park, IL 60805
708-424-5678
S:\Amy Zale\Calumet City\Williams-Ewing 08 CV 2421\answer 1st amd cmplt 5.20.8.doc